[Cite as *In re Hill*, 2011-Ohio-4030.]

# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: JOHN O. HILL

JOHN O. HILL

     Applicant

Case No. V2011-60361

Commissioners:
E. Joel Wesp, Presiding
Karl C. Kerschner
Necol Russell-Washington

ORDER OF A THREE
COMMISSIONER PANEL

{¶1}On April 29, 1996, applicant, John Hill, filed a reparations application. On April 9, 1997, a single commissioner issued a decision finding the applicant met the necessary jurisdictional requirements to qualify as a victim of criminally injurious conduct. However, all allowable expense sustained by the applicant as the result of the criminal conduct was fully reimbursed by collateral sources. The applicant also failed to prove, by a preponderance of the evidence, that he incurred work loss.

{¶2}On December 1, 1998, the applicant filed a supplemental compensation reparations application. On July 14, 1999, a single commissioner rendered a decision denying the applicant's claim due to collateral sources fully reimbursing the applicant's allowable expense and the applicant's failure to prove, by a preponderance of the evidence, that he incurred work loss.

{¶3}On April 23, 2009, the applicant filed a supplemental compensation application seeking reimbursement for additional expenses incurred as the result of the March 15, 1996 victimization. On August 14, 2009, the Attorney General issued a finding of fact and decision denying the applicant's claim pursuant to R.C. 2743.68, failure to timely file the supplemental application within five years of the date the last

decision was rendered, July 14, 1999. On March 21, 2011, the applicant submitted a request for reconsideration. On April 15, 2011, the applicant filed a notice of appeal from the Attorney General's decision of August 14, 2009. Hence, a hearing was held before this panel of commissioners on July 6, 2011 at 10:40 A.M.

{¶4}The first issue raised by this case is whether this panel has jurisdiction to hear this claim when the applicant submitted his request for reconsideration 574 days after the Attorney General issued its initial decision on the applicant's supplemental application. The second issue is whether this panel has the authority to hear an appeal where the Attorney General has not rendered a Final Decision.

{¶5}R.C. 2743.61(A) in pertinent part states:

"If a claimant does not file a request for reconsideration of a decision of the attorney general to make an award or to deny a claim or of the amount of an award within thirty days after the decision is rendered, the award, the denial of the claim, or the amount of the award is final unless the attorney general in the interest of justice allows the reconsideration after the expiration of that period of time."

{¶6}Based upon R.C. 2743.61(A), the Final Decision of the Attorney General was rendered on August 14, 2009.

{¶7}Only the panel of commissioners and the judge of the court of claims can render final judgments. The Attorney General merely renders final appealable decisions. The Attorney General's function is purely administrative in nature with respect to making an initial determination. The Attorney General's scope of authority is limited since the Attorney General is unable to afford applicants any hearing rights as due process requires. *In re Parkins,* V2002-51168tc (1-16-03).

{¶8}R.C. 2743.61(D) states:

"Notices of an appeal concerning an award of reparations shall be filed within thirty days after the date on which the award or the denial of a claim is made by a final decision of the attorney general. If a notice of appeal is not filed within the thirty-day period, the award or denial of the claim is final unless a court of claims panel of commissioners in the interests of justice allows the appeal."

{¶9}Based upon the applicant's pro se status, the long term seriousness of the injuries the applicant sustained, and the fact that the Attorney General raised no issue concerning the untimeliness of the appeal at the hearing, we find the interests of justice allow for a hearing on the merits of the applicant's claim.

{¶10}Assistant Attorney General Melissa Montgomery appeared on behalf of the state of Ohio. The applicant did not attend the hearing.

{¶11}The Attorney General made a brief statement for the panel's consideration. The Attorney General outlined the facts of this case: the last decision was rendered by a single commissioner on July 14, 1999, and the applicant filed the supplemental compensation application on April 23, 2009 which was more than five years after the decision was rendered. Pursuant to R.C. 2743.68 the Attorney General's decision should be affirmed. Whereupon, the hearing was concluded.

{¶12}R.C. 2743.68 states:

"A claimant may file a supplemental reparations application in a claim if the attorney general, a court of claims panel of commissioners, or judge of the court of claims, within five years prior to the filing of the supplemental application, has made any of the following determinations:

"(A) That an award, supplemental award, or installment award be granted;

"(B) That an award, supplemental award, or installment award be conditioned or denied because of actual or potential recovery from a collateral source;

"(C) That an award, supplemental award, or installment award be denied because the claimant had not incurred any economic loss at that time."

{¶13}From review of the case file and upon full and careful consideration given to the statement of the Attorney General, we find the applicant's claim should be denied pursuant to R.C. 2743.68. The applicant has presented no evidence to excuse or mitigate the late filing of the supplemental compensation application. Accordingly, the August 14, 2009 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{¶14}1)   The interests of justice require that a hearing be conducted on the merits of this case although the appeal was filed beyond the thirty-day appeal period;

{¶15}2)   The August 14, 2009 decision of the Attorney General is AFFIRMED;

{¶16}3)   This claim is DENIED and judgment is rendered in favor of the state of Ohio;

{¶17}4)   Costs are assumed by the court of claims victims of crime fund.

_____
E. JOEL WESP
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
NECOL RUSSELL-WASHINGTON
Commissioner

ID #I:\VICTIMS\2011\60361\V2011-60361 Hill.wpd\DRB-tad

A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Cuyahoga County Prosecuting Attorney and to:


Filed 8-5-11
Jr. Vol. 2279, Pgs. 198-202
Sent to S.C. Reporter 8-15-11